■ In the Matter of BEAUX ARTS PROPERTIES, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. In the Matter of 24 FIFTH AVENUE ASSOCIATES, Respondent, v NEW YORK STATE DIVISION OF HOUSING

AND COMMUNITY RENEWAL, Appellant. In the Matter of 24 FIFTH AVENUE TENANTS ASSOCIATION, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. 24 5TH AVENUE TENANTS ASSOCIATION, Appellant, v 24 FIFTH AVENUE ASSOCIATES, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Alvin F. Klein, J.), entered February 6, 1985, which granted the CPLR article 78 petition of Beaux Arts Properties to the extent of annulling Order No. 30,195 of the Conciliation and Appeals Board (CAB), dated March 1, 1984 to the extent that it directed petitioner to roll back its rents to those charged and paid on June 30, 1982 and to refund and credit any rent increases collected on or after that date, unanimously reversed, on the law, the petition denied, the proceeding dismissed, and the order of the CAB reinstated, without costs.

Order and judgment (one paper), Supreme Court, New York County (Alvin F. Klein, J.), entered February 6, 1985, which granted the article 78 petition of 24 Fifth Avenue Associates to the extent of annulling Order No. 30,402 of the Conciliation and Appeals Board dated March 1, 1984, to the extent that it directed petitioner to roll back its rents to those charged and paid on June 30, 1982 and to refund and credit any rent increases collected on or after that date, unanimously reversed, on the law, the petition denied, the proceeding dismissed, and the order of the CAB reinstated, without costs.

Order and judgment (one paper), Supreme Court, New York County (Alvin F. Klein, J.), entered March 14, 1985, which denied and dismissed the article 78 petition of 24 Fifth Avenue Tenants Association, unanimously affirmed, without costs.

In these article 78 proceedings which were consolidated for disposition below, orders and opinions of the Conciliation and Appeals Board, predecessor to the respondent State Division of Housing and Community Renewal (DHCR), declassifying buildings as hotels and directing rollbacks in rent, are challenged. In each case, the CAB found that the subject buildings did not actually supply hotel services to their tenants in violation of the Rent Stabilization Law and the Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (Hotel Code). Accordingly, pursuant to Administrative Code of the City of New York § YY51-3.1 (b) (L 1983, ch 403, § 43), the CAB determined that the subject buildings were not hotels and reclassified them as apartment buildings. Moreover, since the CAB found that the owners of the buildings did not supply hotel services as of July 15, 1982, but collected the higher hotel guideline rent increases, the CAB rolled back the rents

to those in effect on June 30, 1982, the date immediately prior thereto.

Special Term annulled that portion of the CAB orders which rolled back the rent to June 30, 1982 levels, finding that the CAB lacked the authority pursuant to Administrative Code § YY51-3.1 (b) to retroactively roll back the rents, relying on the Supreme Court ruling in *Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.* (Index No. 3107/84, June 26, 1984).

However, as this court noted in reversing *Matter of Berkeley Kay* (113 AD2d 331), the CAB's power to adjust illegal rents is derived from its authority which existed prior to the enactment of the Omnibus Housing Act (L 1983, ch 403), and not from the prospective authority granted by that law. The rent rollbacks directed by the CAB solely enforced the terms of the amended Hotel Code (eff July 15, 1982) which mandated that the owner must actually provide hotel services to tenants, and which these owners failed to do. The fact that these owners charged rents pursuant to the higher hotel guidelines while not complying with the Hotel Code, as effective July 15, 1982, provides the rational basis for the retroactive rollback of rents to that date *(Matter of Berkeley Kay Corp. v New York City Conciliation & Appeals Bd.,* 113 AD2d 331, *supra)*.

We have examined the other points raised by the parties on these appeals and find them without merit. Concur—Ross, J. P., Asch, Fein, Milonas and Ellerin, JJ.